UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-768-H

DAVID GREENWELL                                                                                   PLAINTIFF

V.

PAUL PARSLEY, Individually and in his capacity
as Sheriff of Bullitt County, Kentucky, and
MACK (JIM) McAULIFFE, Individually and in his
capacity as Chief Deputy Sheriff of Bullitt County, Kentucky          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, David Greenwell, was a deputy sheriff of Bullitt County; Defendant, Paul Parsley, was the Sheriff of Bullitt County. Greenwell alleges that Parsley terminated his employment in violation of his federal civil rights under 42 U.S.C. § 1983 and § 1985 and in violation of his rights under Kentucky law. Parsley says that he terminated Greenwell because Greenwell had announced his intention to seek Parsley's job in the upcoming election. Discovery is now complete and both Defendants have moved for summary judgment.[1]

I.

Prior to becoming deputy sheriff under Defendant Parsley, Greenwell worked as Bullitt County Deputy Jailer. Greenwell was appointed a Deputy Sheriff in Bullitt County in January of 1999. Parsley has worked in some capacity with the Bullitt County Sheriff's office since 1978. Parsley was elected Bullitt County Sheriff in 1998 and took office in 1999. Although Greenwell

---

[1] In his response, Greenwell agreed to dismiss all claims against another Defendant, Mack McAuliffe and the claims against both Defendants under 42 U.S.C. § 1985.

was a Democrat when he began working for Sheriff Parsley in 1999, he recently switched parties and is now a registered Republican.

On Wednesday, September 7, 2005, the Courier-Journal published an article chronicling Greenwell's intent to run as the Republican candidate for Sheriff and his filing with the Kentucky Registry for Election Finance. On the same day, in The Pioneer News, an editorial was published also discussing Greenwell's bid as a Republican for Bullitt County Sheriff.

On that same day, Parsley called Greenwell into his office and told him that he was terminated. Parsley told Greenwell that he had read in the paper about Greenwell's political plans. Parsley has stated that his reason for terminating Greenwell was because "he wanted to take my job away from me." Later that same day, Greenwell's cousin, Mack McAuliffe related to Greenwell that he thought he had made a mistake. He said that Greenwell should apologize to the Sheriff and withdraw his bid, in the hopes Sheriff Parsley would restore his job. Greenwell told Mack that he had every right to his opinions.

After his termination, Greenwell applied for a job as Deputy Sheriff in Nelson County. He began to work in Nelson County in January of 2006. When Greenwell showed up to meet with Sheriff Newton of the Nelson County Sheriff's Department, Sheriff Newton acted as if he did not know Greenwell, gave Greenwell "the runaround" and had given the position to somebody else. Shortly thereafter, Greenwell went to Shepherdsville to pass out campaign fliers and ran into former Chief Deputy of the Bullitt County Sheriff's Office, Larry Hawkins. Mr. Hawkins asked Greenwell if the rumors were true regarding Parsley thwarting Greenwell's attempts to get a new job. Greenwell mentioned the incident which had just occurred with Sheriff Newton in Nelson County and Mr. Hawkins informed him that he had heard Parsley told

Sheriff Newton that Greenwell was a "trouble maker and lazy and no count" and to do himself a favor and not hire Greenwell.

Greenwell prevailed in the primary election for the Republican candidate for Sheriff on May 16, 2006. Parsley ran against Donnie Tinnell, former Louisville and Shepherdsville police officer, in the primary elections. Mr. Tinnell prevailed as the Democratic candidate on the same date. Ultimately, Greenwell defeated Tinnell in the general election of 2006.

II.

Greenwell says that he was speaking out on issues of public concern and that he was fired for doing so. The problem here is that Greenwell chose to express his political views by running for the political office held by his boss. The question then presented is whether Parsley fired Greenwell for expressing his political beliefs in a certain manner or because Greenwell decided to challenge Parsley for his current job. The evidence shows beyond any doubt that Greenwell expressed his views by running for office. Under these circumstances, *Carver v. Dennis*, 104 F.3d 847 (6th Cir. 1997) governs our case and requires dismissal.

In *Carver*, the Sixth Circuit held that the First Amendment free speech and associational rights do not protect the deputy clerk's right to run for office against her boss. *Id.* at 853. The Court distinguished between expressing one's political views by speaking on issues or supporting a particular candidate as compared to actually attempting to take over an office, which the court viewed as an act of insubordination. *Id.* at 851-53. The facts of our case fall squarely in line with *Carver*.

The Court can find no evidence suggesting that Greenwell was dismissed based on his political beliefs, his political affiliations or due to patronage concerns. All of the evidence points

to the conclusion that Parsley was upset that his own employee would enter a political race against him and that he fired Greenwell for that reason. Thus, it was not a dismissal based on politics at all, except to the extent that running for public office is a political exercise in a broad sense. *Id.* at 850.

The Court is not persuaded by Greenwell's attempts to distinguish *Carver* from our facts. Under *Carver* the First Amendment is deemed not to protect actions which are less akin to the exercise of political speech and more like an act of direct insubordination. Certainly, Greenwell's actions fall into the latter category. In *Carver*, both sides agreed that the plaintiff was terminated because she tried to oust her boss, not because of any particular political view. Similarly, Greenwell presents no actual evidence he was communicating any particular expression or that Parsley opposed any particular viewpoint. What Parsley opposed was the political act of Greenwell seeking his defeat at the polls. The record permits no escape from the fact that Greenwell, like Carver, was fired because he filed for announcing his intention to take his boss's office. *See id.* at 853.

Greenwell likens his claim to that in *Heggen v. Lee*, 284 F.3d 675 (6th Cir. 2002). In doing so, Greenwell seems merely to make the legal argument that conducting a personal political campaign against one's boss is the same as speaking out on an issue of public concern. The Court disagrees with Greenwell's view of the law and a review of *Heggen* confirms this. In *Heggen*, the Sixth Circuit held that a deputy sheriff could not be terminated on the grounds of his political affiliation. The court confirmed that the discharge of an employee for patronage reasons alone, such as the failure to support a party of the sheriff in a recent election, did raise First Amendment concerns. *Id.* at 680. The instant case, however, presents a deputy sheriff

4

going far beyond the mere expression of a political viewpoint to the point of personal insubordination. Therefore, the rule in *Heggen* does not control.

The evidence is absolutely clear that Parsley fired his deputy, Greenwell, because the deputy chose to enter a political campaign to oust his boss from office. Greenwell certainly had a right to run for office. However, the First Amendment does not provide constitutional cover for him to do so against the very person who hired him and supervised him.

### III.

The Court will also discuss Greenwell's state law claims. Greenwell's wrongful termination claim fails for essentially the same reasons as his First Amendment claims. All of the evidence points to Greenwell's decision to run for the political office held by his boss as the factor leading to his termination. KRS 95.017 protects all manner of political activity of uniformed employees. However, that statute does not protect a person who seeks personally to unseat his boss.

Greenwell has no claim under KRS 15.520, because deputy sheriffs are designated as at-will employees under KRS 70.030(1). The Court concludes that this specific statute governs the employment and removal of deputy sheriffs under Kentucky law. Finally, the outrage claim is dismissed because Parsley's actions fall far short of the kind of outrageous or emotionally damaging conduct required to support such a claim.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record