UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-768-H

DAVID GREENWELL                                                                                    PLAINTIFF

V.

PAUL PARSLEY, Individually and in his
capacity as Sheriff of Bullitt County, Kentucky, and
MACK (JIM) McAULIFFE, Individually and in his
capacity as Chief Deputy Sheriff of Bullitt County, Kentucky         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff David Greenwell, former deputy sheriff of Bullitt County, filed suit against the former sheriff, Defendant Paul Parsley, for termination of employment in violation of his federal civil rights and Kentucky law. Parsley had fired Greenwell after learning that Greenwell was running against him for his position as sheriff in the upcoming election. On January 22, 2007, the Court sustained Defendant's motion for summary judgment. On January 31, 2007, Plaintiff moved to vacate that judgment.

Fed. R. Civ. P. 59(e) encompasses motions to vacate judgments. *Foman v. Davis*, 371 U.S. 178, 181 (1962); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The decision to grant such a motion is within the sound discretion of the trial court. *Huff*, 675 F.2d at 122. The Sixth Circuit Court of Appeals has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*

*Co.*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted).

Here, Plaintiff essentially claims that the Court's analysis represents a clear error of fact and law. The Court has fully discussed the facts in its recent Memorandum Opinion and there is little need to repeat them here. On the other hand, Plaintiff has made quite reasonable objections which have caused the Court to thoroughly review its original analysis. In the end, the Court concludes that its original analysis was sound. The Court adds the following thoughts.

I.

Plaintiff has reiterated his concerns about the scope of the Sixth Circuit decision in *Carver v. Dennis*, 104 F.3d 847 (6th Cir. 1997) as this Court has defined it here. Plaintiff contends that by granting Defendant's motion for summary judgment, the Court misapplied *Carver*. In that case, the defendant county clerk fired the plaintiff from her position as deputy county clerk solely because she announced her candidacy against the defendant in the upcoming election. *Id.* at 848. The *Carver* court held that termination of the plaintiff's employment upon her announced candidacy for her superior's position did not violate any First Amendment free speech or associational right, absent some allegation that the dismissal was motivated by the deputy county clerk's political beliefs, expressions, affiliation, partisan political activity, or expression of opinion. *Id.* at 851. The Sixth Circuit said that there is no fundamental right to express one's political views through candidacy. *Id.* at 850-51.

Plaintiff tries to distinguish his case from *Carver* on three grounds. While *Carver*'s application here is not absolutely clear, the Court continues to respectfully disagree with Plaintiff's narrow view.

A.

First, Plaintiff says that his evidence is different than in *Carver*. Greenwell alleges that, unlike the plaintiff in *Carver* who was discharged solely for the fact of her announced candidacy, he was terminated for the additional reasons of having criticized Parsley's administration and changed party affiliation. Plaintiff may make such an assertion, but he also "bears the initial burden of proving that he or she was discharged because of his or her political affiliation." *Hall v. Tollett*, 128 F.3d 418, 423 (6th Cir. 1997). In *Carver*, plaintiff conceded the sole reason for his termination; here, the evidence requires the same conclusion. Although Plaintiff argues otherwise, he points to no additional facts of which the Court was not already aware. His arguments to the contrary are based on speculation, rather than evidence.

In some cases, the reason for an at-will employee's termination can be a relatively difficult and often disputed issue of fact. Here, the evidence is otherwise. Parsley terminated Greenwell on the same day the Courier-Journal and The Pioneer News published pieces on Greenwell's bid as Republican for Bullitt County Sheriff. The evidence seems clear. Parsley called Greenwell into his office after learning of Greenwell's election bid.[1] Parsley began that meeting by stating: "See in the paper here where you're tryin' to take my job." The whole thrust of that conversation concerned whether Greenwell was in fact running against Parsley for sheriff. In his typed statement, which was presumably written as part of his election campaign and has been submitted as an exhibit with his motion to dismiss, Greenwell further indicates that the sole reason he was fired was because he was trying to take Parsley's job as sheriff:

---

[1] The meeting was taped via a recorder on Sheriff Parsley's desk.

3

> On September 7, 2005 while responding to a burglary in our county, I was summoned to the office of the sheriff. The sheriff Paul Parsley called me into his office and placed a copy of the Courier Journal [sic] newspaper in front of me. Highlighted was an article that contained statements that I had made about my intensions [sic] to run for the office of sheriff and changes that I would like to see for Bullitt County.
> I was immediately fired! Sheriff Parsley stated to me that he should not have to pay me to try and take his job.

Parsley further testified that the reason he fired Greenwell was because "he wanted to take my job away from me." Greenwell presents no evidence to counter this stated and obvious reason. That the firing arose from other reasons, such as his change of party affiliation or his disagreement about policies, is merely Plaintiff's speculation. As the court held in *Carver*, seeking election against a person's boss for his job is an act of insubordination not protected by the First Amendment. 104 F.3d at 851.

B.

Plaintiff next argues that *Carver* does not apply because the plaintiff there was defendant's only employee, whereas Greenwell was one of thirty-seven deputy sheriffs. Plaintiff suggests that the *Carver* rule can only apply in a small office setting. This Court does not believe that this is so.

In support of his argument, Plaintiff incorrectly states that the *Carver* court applied the "balancing test" set forth in *Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987). However, the Sixth Circuit in *Carver* did not use the *Pickering* balancing test used in *Donlin*. *Carver*, 104 F.3d at 847. Although the lower court had used the *Pickering* balancing test, the Sixth Circuit explicitly held that *Pickering* did not apply because the basis for the plaintiff's discharge was solely the fact that she was trying to take the job of her employer. *Id.* Insubordination in

4

seeking his boss's position was not a constitutional right of the plaintiff, so the court need not apply the balancing test. The Court believes that the same is true here. Because Greenwell was fired solely for seeking his boss's position, *Pickering* does not apply, and this Court need not examine whether a close working relationship existed that would afford the sheriff a wide degree of deference in his firing decisions.

C.

Finally, Greenwell contends that *Carver* does not apply because it involved a non-partisan election in which the candidates were directly opposed to one another; whereas, in this case, the candidates were running for office from different political parties. Therefore, Plaintiff argues, Parsley and Greenwell were not in direct opposition to one another in the primary elections and *Carver* should not apply. The Court is unpersuaded by this argument. Greenwell's intention, regardless of the necessary steps to achieve it, was to unseat Parsley. By declaring his bid for the election, Greenwell announced his intent to compete with his boss for his position. Such an action is an act of insubordination not protected by the First Amendment, and Parsley legally terminated Greenwell's employment.

II.

Any time an employee announces his candidacy against his boss, such an action constitutes either a public policy or political statement. However, *Carver* says that the First Amendment does not protect such candidacy statements. Even if Greenwell had presented evidence of some history of disagreement between himself and Parsley, the result here would not change. Parsley did not act until Greenwell expressed his policy or political views by filing for office. On our facts, it is certain that Parsley acted because Greenwell filed for office against

5

him and not for any other reason. There is certainly room for argument about the *Carver* doctrine. However, if Greenwell is allowed to proceed to trial on this evidence, then the *Carver* rule means very little. For all these reasons, the Court will not give *Carver* such a narrow reading. The Court maintains its view that a reasonable reading of *Carver* requires dismissal of this case.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff David Greenwell's motion to vacate is DENIED.

This is a final order.

cc: Counsel of Record